UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2706 PSG (KSx) | Date | June 19, 2020 |
|---|---|---|---|
| Title | Donald Jones v. Nicolae Butoi et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's motion to remand

Before the Court is Plaintiff Donald Jones's ("Plaintiff") motion to remand. *See* Dkt. # 11 ("*Mot.*"). Defendants Nicolae Butoi and Bunic Trucking Transport Co. LLC ("Defendants") oppose the motion *See* Dkt. # 10 ("*Opp.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **DENIES** the motion.

I.      Background

This is a personal injury case. On November 8, 2018, Plaintiff, a California citizen, got into a motor vehicle accident with Defendant Butoi, who was a truck driver for Defendant Bunic. *See Complaint*, Dkt. # 1-3 ("*Compl.*"), ¶¶ 9 10. Both Defendants are Minnesota citizens. *See Declaration of Krsto Mijanovic*, Dkt. # 14-1 ("*Mijanovic Decl.*"), ¶¶ 5 6. Plaintiff alleges that he suffered several injuries as a result of the accident. *See Compl.* ¶¶ 13 15.

On January 7, 2020, Plaintiff filed this case in Los Angeles Superior Court, bringing two separate causes of action for motor vehicle negligence. *See generally id.* He served Defendants with the complaint on January 9, 2020. *See Mijanovic Decl.* ¶ 3. In his prayer for relief, Plaintiff seeks the following: general damages, damages for hospital and medical care, damages for loss of earnings, costs of suit, and prejudgment interest. *See Compl.* ¶ 22.

Defendants propounded form and special interrogatories in January 2019. *See Mijanovic Decl.* ¶ 8. On March 12, 2020, Defendants received Plaintiff's interrogatory responses and saw, for the first time, that Plaintiff sought approximately $91,111.12 in past medical expenses alone. *See id.* Defendants then removed the case to this Court on March 23, 2020, invoking the Court's diversity jurisdiction. *See generally Notice of Removal*, Dkt. # 1 ("*NOR*").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2706 PSG (KSx) | Date | June 19, 2020 |
|---|---|---|---|
| Title | Donald Jones v. Nicolae Butoi et al | | |

Plaintiff now moves to remand because he alleges that Defendants untimely removed this case. *See generally Mot.*

II.  Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

Although a district court lacks the authority to remand a case sua sponte for procedural defects, *see Corona-Contreras v. Gruel*, 957 F.3d 1025, 1029 (9th Cir. 2017), and the Ninth Circuit has found that the time limits for removal are procedural, not jurisdictional, *see Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980), the court may remand upon a timely motion to remand. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

III.  Discussion

Defendants have invoked the Court's diversity jurisdiction, which applies when the parties are of completely diverse citizenship and more than $75,000 is in controversy. *See* 28 U.S.C. § 1332(a). There is no dispute that the parties are completely diverse and that the amount in controversy is met. However, Plaintiff disputes the timeliness of Defendants' removal. *See generally Mot.*

The removal statute sets forth two thirty-day time limits that apply to the removal of civil cases. *See* 28 U.S.C. § 1446. First, it provides that a notice of removal "shall be filed within 30

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2706 PSG (KSx) | Date | June 19, 2020 |
|---|---|---|---|
| Title | Donald Jones v. Nicolae Butoi et al | | |

days after receipt of the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." *Id.* § 1446(b). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

The thirty-day clock begins running when the defendant is served with the initial complaint only if "the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). In other words, the "ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock . . . to begin." *Id.* at 695. The defendant has no duty to investigate beyond the four corners of the initial pleading, even if information contained within it provides a "clue" as to removability. *See id.* at 696 97. The same rule applies to whether the face of an "amended pleading, motion, order or other paper" provides the defendant with notice that the case is removable. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

Plaintiff argues that the Court should remand this case because Defendants did not remove it until March 23, 2020, which is more than thirty days after Plaintiff served the complaint. *See Mot.* 3 4. Defendants respond that even though Plaintiff served the complaint on January 9, they did not have notice that the case was removable until March 12, 2020. *See Opp.* 2 3. Defendants claim to have learned that the amount in controversy exceeded $75,000 on that date after reading Plaintiff's interrogatory responses. *See id.* 5 6.

Defendants have properly removed this case. The complaint bears no indication of the amount in damages that Plaintiff seeks here. Instead, Plaintiff requests different types of damages, including general damages, reimbursement for medical treatments, loss of earnings, and costs of suit. *See Compl.* ¶ 22. Therefore, the complaint could not have put Defendants on notice of the amount in controversy because Plaintiff did not plead a specific dollar amount in damages. *See Harris*, 425 F.3d 689 at 695.

Given that the complaint did not provide a damages figure, Defendants timely removed this case once they ascertained the amount in controversy. Defendants provide evidence that they did not know that Plaintiff sought over $90,000 in past medical expenses until they saw his interrogatory responses on March 12, 2020. *See Mijanovic Decl.* ¶ 8. Plaintiff does not rebut this claim, and arguments to which no response is supplied are deemed conceded. *See, e.g.*, *Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2706 PSG (KSx) | Date | June 19, 2020 |
|---|---|---|---|
| Title | Donald Jones v. Nicolae Butoi et al | | |

*2 (C.D. Cal. Aug. 4, 2015).  Accordingly, because Defendants removed this case on March 23, 2020, they met the thirty-day deadline under § 1446(b)(3).

Therefore, the Court **DENIES** Plaintiff's motion to remand.

IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**